IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL P.A. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00931-DGK |
| | ) | |
| HONEYWELL FEDERAL | ) | |
| MANUFACTURING AND | ) | |
| TECHNOLOGIES, and | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

This lawsuit concerns an executive order directing that certain federal contractors ensure that their employees are fully vaccinated against COVID-19. Plaintiff pro se Samuel Peterson, a vaccinated employee of Defendant Honeywell Federal Manufacturing and Technologies, is suing the company and Defendant Honeywell International, Inc. (collectively, "Defendants") to enjoin them and any other federal contractor from which he might seek employment from requiring their employees to be vaccinated. He also requests an order requiring Defendants retract a letter of Unacceptable Conduct which was issued against him for opposing the mandate, $400 in court costs, and $1 billion in punitive damages.

Now before the Court is Plaintiff's motion for a temporary restraining order, preliminary injunction, and permanent injunction, preventing Defendants from enforcing the executive order against their employees. Attachment, ECF No. 1-1. After carefully reviewing the motion and the existing record, the Court holds Plaintiff has not met his burden for the Court to issue a temporary restraining order. The Court reserves ruling on the request for a preliminary injunction or permanent injunction until the issue is fully briefed.

1

**Background**

The following facts are alleged in Plaintiff's Complaint, ECF No. 1, the incorporated attachment, ECF No. 1-1, and in publicly available court decisions.

On September 9, 2021, President Biden issued Executive Order 14042, 860 Fed. Reg. 50985 (Sept. 9, 2021) ("EO 14042") which mandated "that contractors and subcontractors performing work on certain federal contracts ensure that their employees and others working in connection with the federal contracts are fully vaccinated against COVID-19." *Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *1 (S.D. Ga. Dec. 7, 2021).[1]

Defendants are federal contractors. They announced on October 6, 2021, that they would enforce the vaccine mandate against their employees.

Subsequently, a number of federal district courts have issued preliminary injunctions enjoining the Biden Administration from enforcing the mandate, on grounds that EO 14042 exceeded the Executive's authority under the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C. § 101 *et. seq*. *E.g., Missouri v. Biden*, No. 4:21-CV-1300-DDN, 2021 WL 5998204 (E.D. Mo. Dec. 20, 2021); *Florida v. Nelson*, No. 8:21-CV-2524-SDM-TGW, 2021 WL 6108948 (M.D. Fla. Dec. 22, 2021); *Louisiana v. Biden*, No. 21-CV-3867, 2021 WL 5986815 (W.D. La. Dec. 16, 2021); *Kentucky v. Biden*, No. 3:21-CV-00055-GFVT, 2021 WL 5587446, at *7–10 (E.D. Ky. Nov. 30, 2021) (noting that, by exceeding the authority granted to the Executive under the FPASA, EO 14042 also raises concerns regarding federalism, the Tenth Amendment, the nondelegation doctrine, and the Competition in Contracting Act, 41 U.S.C. § 3301). The most

---

[1] Executive Order 14042 does not itself require federal contractors and subcontractors receive vaccines. Instead, it requires federal contractors and subcontractors comply with guidance from the "Safer Federal Workforce Task Force." On September 24, 2021, the Safer Federal Workforce Task Force issued guidance requiring certain contractors and subcontractors be fully vaccinated. For a more complete history of the federal contractor vaccine mandate, *see Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *1–4 (S.D. Ga. Dec. 7, 2021).

notable among these is *Georgia v. Biden*, which on December 7, 2021, imposed a preliminary nationwide injunction against EO 14042, and which is currently on appeal to the 11th Circuit. 2021 WL 5779939.

On December 9, 2021, Plaintiff notified Defendants of the nationwide preliminary injunction entered in *Georgia v. Biden*. Compl. at 4. Defendants acknowledged the nationwide injunction. *Id*. Nonetheless, Defendants are currently requiring their employees to submit proof of vaccination "or approved accommodation" by noon on January 4, 2022. *Id.* at 5.

Plaintiff states he has already been vaccinated, but is still under threat of being fired unless he provides proof of vaccination before January 4, 2022. *Id*.

**Standard for Issuance of a Temporary Restraining Order**

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2008). The Court must balance these factors "to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). While no single factor is determinative, the first factor—threat of irreparable harm to the movant— and the third factor—likelihood of success on the merits, are the most important in determining whether to grant a temporary restraining order. *See Adventist Health Sys./SunBelt, Inc. v. United States Dep't of Health & Hum. Servs.*, 17 F.4th 793, 806 (8th Cir. 2021) ("The failure to show irreparable harm is

3

an independently sufficient basis upon which to deny a preliminary injunction.") (quotation omitted); 17 F.4th at 801 ("[A]n injunction cannot issue if there is no chance of success on the merits.") (quotation omitted).

## Discussion

### A. Plaintiff has not demonstrated a threat of irreparable harm.

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Development*, 507 F.Supp.2d at 1036-37.

Plaintiff states his concern is for: (1) unvaccinated employees who have not been vaccinated and who will quit or be fired as a result of the mandate, Attachment at 1, 3–4; and, (2) the damage to national security which may occur if a defense contractor loses a significant portion of its workforce. *Id.* at 3. These harms are not particularized to Plaintiff, however, and the Court does not consider them in determining whether Plaintiff has demonstrated a threat of irreparable harm. *Phelps-Roper*, 509 F.3d at 484 ("A court considering a motion for preliminary injunction must consider (1) the threat of irreparable harm *to the movant* . . . .") (emphasis added); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 560 n.1 (1992) (noting that, in order to have standing to bring a suit, a Plaintiff must allege a "particularized" injury, meaning an injury that "affect[s] the plaintiff in a personal and individual way").

The only injury Plaintiff alleges that is particularized to him is that he will be forced to provide proof of vaccination to his employer. While the Court appreciates Plaintiff's desire to maintain his medical privacy in this regard[2] Plaintiff has not shown that an award of damages

---

[2] Even still, Plaintiff has arguably waived this privacy interest by publicly announcing his vaccination status in the Complaint.

4

Case 4:21-cv-00931-DGK   Document 4   Filed 01/04/22   Page 4 of 6

could not compensate him for any intrusion here of any right to privacy. As such, the first factor weighs against issuing a temporary restraining order.

## B. Plaintiff has not shown the balance of harms favors issuing a TRO.

Similarly, Plaintiff has not shown that the harm he will face by having to provide proof of vaccination outweighs any harm to Defendants should the court enjoin them from requiring their employees to be vaccinated. As such, the second factor weighs against issuing a temporary restraining order.

## C. Plaintiff has not shown a chance of success on the merits.

Read liberally, Plaintiff alleges causes of action under the following statutes and constitutional provisions: 18 U.S.C. § 401; 5 U.S.C § 3331; 18 U.S.C. §§ 241 and 242; the Due Process clauses of the Fifth and Fourteenth Amendment, and the Tenth Amendment.

At this point in the litigation, it appears Plaintiff has not shown a chance of succeeding on the merits of his claims. 18 U.S.C § 401 grants a federal court the power to hold person in contempt for disobedience to the court's own lawful order. It does not grant Plaintiff a private right of action to enforce injunctions in cases in which he is not a party, and Plaintiff is arguing the Defendants are violating an order issued by a judge in the Southern District of Georgia, not this Court.

The other statutes do not provide any civil cause of action on which Plaintiff may base a lawsuit. 5 U.S.C. § 3331 simply defines the oath of office for individuals—other than the President—"elected or appointed to an office of honor or profit in the civil service or uniformed services." 18 U.S.C. §§ 241 and 242 are both purely criminal statutes.

Finally, Plaintiff has no cause of action against Defendants under the Fifth, Fourteenth, or Tenth Amendment because Defendants are not state actors.

As such, the third factor weighs against issuing a temporary restraining order.

### D. The public interest does not weigh in either party's favor.

Plaintiff contends the public interest will be served by granting an injunction because it will prevent the risk of damage to national security which may occur if a defense contractor loses a significant portion of its workforce as a result of the mandate. While this could conceivably happen, it is also conceivable that instead of losing their jobs, most employees will simply decide to be vaccinated, resulting in a large public health benefit and no loss to national security. But either outcome is speculative on the existing record.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

### E. Plaintiff has not carried his burden.

After balancing the four factors, the Court holds Plaintiff has not shown that he is entitled to the extraordinary and drastic remedy of a temporary restraining order issued ex parte.

## Conclusion

Plaintiff's request for a temporary restraining order is DENIED. The Court withholds ruling on Plaintiff's request for a preliminary injunction or permanent injunction until the issue is fully briefed.

**IT IS SO ORDERED.**

Date:  January 4, 2022            /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT