IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL P.A. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00931-DGK |
| | ) | |
| HONEYWELL FEDERAL | ) | |
| MANUFACTURING AND | ) | |
| TECHNOLOGIES, and | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION, AND DISMISSING CASE WITHOUT PREJUDICE**

This lawsuit concerns an executive order directing that certain federal contractors ensure their employees are fully vaccinated against COVID-19. Plaintiff pro se Samuel Peterson, a vaccinated employee of Defendant Honeywell Federal Manufacturing and Technologies ("FM & T"), is suing the company and Defendant Honeywell International, Inc. ("International") (collectively, "Defendants"). Plaintiff seeks to enjoin them and any other federal contractor from which he might seek employment from requiring their employees to be vaccinated. He also requests an order requiring Defendants retract a letter of Unacceptable Conduct which was issued against him for opposing the mandate, $400 in court costs, and $1 billion in punitive damages.

**Background**

The following facts are alleged in Plaintiff's Complaint, ECF No. 1, the incorporated attachment, ECF No. 1-1, and in publicly available court decisions.

On September 9, 2021, President Biden issued Executive Order 14042, 860 Fed. Reg. 50985 (Sept. 9, 2021) ("EO 14042") which mandated "that contractors and subcontractors performing work on certain federal contracts ensure that their employees and others working in connection with the federal contracts are fully vaccinated against COVID-19." *Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *1 (S.D. Ga. Dec. 7, 2021).[1]

Defendants are federal contractors. They announced on October 6, 2021, that they would enforce the vaccine mandate against their employees.

Subsequently, a number of federal district courts have issued preliminary injunctions enjoining the Biden Administration from enforcing the mandate, on grounds that EO 14042 exceeded the Executive's authority under the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C. § 101 *et. seq. E.g., Missouri v. Biden*, No. 4:21-CV-1300-DDN, 2021 WL 5998204 (E.D. Mo. Dec. 20, 2021); *Florida v. Nelson*, No. 8:21-CV-2524-SDM-TGW, 2021 WL 6108948 (M.D. Fla. Dec. 22, 2021); *Louisiana v. Biden*, No. 21-CV-3867, 2021 WL 5986815 (W.D. La. Dec. 16, 2021); *Kentucky v. Biden*, No. 3:21-CV-00055-GFVT, 2021 WL 5587446, at *7–10 (E.D. Ky. Nov. 30, 2021) (noting that, by exceeding the authority granted to the Executive under the FPASA, EO 14042 also raises concerns regarding federalism, the Tenth Amendment, the nondelegation doctrine, and the Competition in Contracting Act, 41 U.S.C. § 3301). The most notable among these is *Georgia v. Biden*, which on December 7, 2021, imposed a preliminary nationwide injunction against EO 14042, and which is currently on appeal to the 11th Circuit. 2021 WL 5779939.

---

[1] Executive Order 14042 does not itself require federal contractors and subcontractors receive vaccines. Instead, it requires federal contractors and subcontractors comply with guidance from the "Safer Federal Workforce Task Force." On September 24, 2021, the Safer Federal Workforce Task Force issued guidance requiring certain contractors and subcontractors be fully vaccinated. For a more complete history of the federal contractor vaccine mandate, *see Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *1–4 (S.D. Ga. Dec. 7, 2021).

On December 9, 2021, Plaintiff notified Defendants of the nationwide preliminary injunction entered in *Georgia v. Biden*. Compl. at 4. Defendants acknowledged the nationwide injunction. *Id*. Nonetheless, Defendants required their employees to submit proof of vaccination "or approved accommodation" by noon on January 4, 2022. *Id.* at 5.

**Procedural History**

Plaintiff filed this complaint on December 27, 2021. Despite being vaccinated, Plaintiff also sought a temporary restraining order against Defendants to prevent them from requiring their workforce receive the Covid-19 vaccine. TRO Request, ECF No. 1-1. The Court denied the request for a TRO on January 4, 2022. Order, ECF No. 4.

Now before the Court is Plaintiff's motion for a preliminary injunction and a permanent injunction, ECF No. 1-1; Defendant FM & T's Motion to Dismiss, ECF No. 6; Defendants' joint Motion to Strike Plaintiff's Amended Complaint and Response to Both Defendants Motion to Dismiss and Their Opposition to Plaintiff's Motion for Injunctive Relief, ECF No. 13; and Defendant International's Motion to Dismiss, ECF No. 20.

**Discussion**

**I.      Defendants joint Motion to Strike, ECF No. 13, is GRANTED IN PART.**

On January 12, 2022, Defendant FM & T filed a motion to dismiss the Complaint for failure to state a claim, as well as its suggestions in opposition to Plaintiff's motion for injunctive relief. *See* Mot., ECF No. 6; Suggestions in Opp'n, ECF No. 5. On January 21, Plaintiff requested an extension of time to February 7, 2022, to respond to or reply in support of the motions and to file an amended complaint. Mot., ECF No. 10. The Court granted Plaintiff's request. Text Order, ECF No. 11.

3

However, rather than filing a mere response to Defendant FM & T's motions or filing an Amended Complaint, Plaintiff chose to file both a purported Amended Complaint as well as purported responses to Defendant FM & T's motions in the same document ("Combined Filing"). ECF No. 13. The Combined Filing can hardly be treated as an amended complaint, however, since it is organized in the form of a brief—with an introduction, background, and argument section—, is not written, as required by Rule 10 in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and includes no "short and plain statement of the claim showing that [Plaintiff] is entitled to relief," as required by Rule 8(a). Further, the Combined Filing is not organized to show which portion is meant to serve as an amended complaint, which portion is meant to serve as a Plaintiff's response to the motion to dismiss, and which portion is meant to serve as a reply in support of his motion for injunctive relief. It seems that the entire Combined Filing is meant to serve simultaneously as an amended complaint, as a response to Defendant FM & T's motion to dismiss, and as a reply in support of Plaintiff's motion for injunctive relief.

Defendants move to strike the Combined Filing. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). Though the Court enjoys broad discretion under Rule 12(f), "striking a party's pleadings is an extreme measure." *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike should be denied unless 1) the challenged filing has "no possible relation or logical connection to the subject matter of the controversy," *N. Face Apparel Corp. v. Williams Pharmacy*, Inc., No. 4:09-CV-2029-RWS, 2010 WL 546928, at *1 (E.D. Mo. Feb. 9, 2010), and 2) the moving party will be prejudiced, *Am. Home Assur. Co. v. Pope*, No. 02-4057-CV-C-SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005). Because Plaintiff still intends for his original complaint to control—as evidenced by the fact that he intends the Combined Filing to serve as a response to

4

Defendant FM & T's motion to dismiss and as a reply in support of his motion for injunctive relief—to the extent the Combined Filing is an Amended Complaint, it is has no relation to the subject matter of the controversy. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (noting that the filing of an amended complaint moots a motion to dismiss a prior complaint). Further, allowing the Combined Filing to serve as both an amended complaint and also as a response or reply to prior motions (which would themselves be mooted by an amended complaint) would be confusing to both parties. Defendants' motion is therefore GRANTED IN PART. To the extent the Combined Filing is an Amended Complaint, it is struck from the record. The Court nonetheless treats the Combined Filing—as Plaintiff intends— as a response to Defendant FM & T's motion to dismiss and as a reply in support of Plaintiff's motion for injunctive relief.

> **II. Defendant FM & T's motion to dismiss, ECF No. 6, and Defendant International's motion to dismiss, ECF No. 20, are GRANTED; Plaintiff's motion for a preliminary injunction and a permanent injunction, ECF No. 1-1, are DENIED; and this case is DISMISSED WITHOUT PREJUDICE.**

The Court has reviewed Plaintiff's motion for a preliminary and permanent injunction, as well as Defendants' opposition briefs thereto, Suggestions in Opp'n, ECF No. 5; Opp'n, ECF No. 14, and Plaintiff's reply in support, Combined Filing, ECF No. 13. The Court has also reviewed Defendants' motions to dismiss, Mots., ECF No. 6, 20; and Plaintiff's responses thereto, Combined Filing, ECF No. 13, Suggestions in Opp'n, ECF No. 23.

For the reasons stated in Part C of the Court's Order denying Plaintiff's request for a Temporary Restraining Order, Order at 5, ECF Nos. 4, Defendants' motions to dismiss are GRANTED, and Plaintiff's motion for a preliminary and permanent injunction is DENIED.

This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

5

Date: June 10, 2022             /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT